IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**SHERRY A. TULK,**

      **Plaintiff,**

v.                                      Case No. 2:15-cv-11653

**RICK CAVENDAR[1], EAST END MAIN STREET,
CHARLESTON MAIN STREETS,
AFFILIATE ORGANIZATIONS,
AMY MCLAUGHLIN, MARY BETH HOOVER,
MAY ANNE CRICKARD, ROB THOMAS,
MIKE PUSHKIN, MARY JEAN DAVIS,
MARC WEINTRAUB, DICKINSON GOULD,
JIM EDWARDS, LORI BRANNON,
SARAH HALSTEAD, WEST END MAIN STREET,
JOSH DODD, and MESH DESIGN AND DEVELOPMENT,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 30, 2015, the plaintiff, Sherry A. Tulk (hereinafter "the plaintiff"), filed a document entitled "Complaint for Copyright Infringement and Unfair Complaint" (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 7).

---

[1] As noted in the defendants' Memorandum of Law in support of their Motion to Dismiss (ECF No. 8 at 1), the proper spelling of this defendant's name is "Ric Cavender." The Clerk is **DIRECTED** to modify the style of the case and the docket sheet accordingly.

## ANALYSIS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is seeking to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). On January 13, 2016, the defendants, by counsel, filed the pending Motion to Dismiss Plaintiff's Complaint (ECF No. 7) and a Memorandum of Law in support thereof (ECF No. 8), asserting that the plaintiff's Complaint should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure because the defendants had not been served with process within 120 days of the Complaint being filed. The plaintiff has not filed a response to the Motion to Dismiss.

At the time that the plaintiff's Complaint was filed, Rule 4(m) of the Federal Rules of Civil Procedure stated as follows:

> Time Limit for Service - If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).[2]

The United States Court of Appeals for the Fourth Circuit has interpreted Rule 4(m) to require dismissal of a complaint which has not been served upon a defendant within 120 days of its filing, absent a showing of good cause. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995). A *pro se* plaintiff who is seeks to proceed *in forma pauperis* (without

---

[2] Effective December 1, 2015, the time period for service under Rule (m) was reduced to 90 days. However, because the plaintiff's Complaint was filed prior to this amendment, the 120-day period was applicable in this case.

prepayment of fees), however, is entitled to rely upon officers of the court for service of process and, where a plaintiff has demonstrated reasonable efforts to assist in obtaining such service, he or she should not be penalized by dismissal for untimely service. *See Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir, 1990); *see also Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (Marshal's failure to effect service is automatically good cause); *Campbell v. Ill. Dept. of Corrections*, 907 F. Supp. 1173 (D. Ill. 1995) (incarcerated *pro se* plaintiff who relied on Marshals Service to serve summons had good cause for two year delay).

In the instant case, the plaintiff has filed an Application to Proceed Without Prepayment of Fees and Costs and, thus, her case is subject to screening under 28 U.S.C. § 1915(e)(2)(B), and service of process is generally not ordered until after such screening has been completed. In light of the court's caseload, the initial screening had not yet occurred at the time the defendants filed their Motion to Dismiss. Accordingly, good cause exists to extend the Rule 4(m) time period for service in this matter.

Accordingly, the undersigned proposes that the presiding District Judge **DENY** the defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 7) without prejudice. Having now completed the screening of this matter under 28 U.S.C. § 1915(e)(2)(B), by separate Order, the undersigned shall direct that service of process be made upon the defendants.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

May 20, 2016

Dwane L. Tinsley
United States Magistrate Judge

4