UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**SHERRY A. TULK,**

       **Plaintiff,**

v.                                            **Case No. 2:15-cv-11653**

**RIC CAVENDER, et al.,**

       **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the following motions: a "Motion to Dismiss" filed on behalf of defendants Ric Cavender, Amy McLaughlin, Mary Beth Hoover, Mary Anne Crickard, Rob Thomas, Mike Pushkin, Mary Jean Davis, Marc Weintraub, Dickinson Gould, Jim Edwards and Lori Brannon, (hereinafter "the Charleston Main Street Defendants") (ECF No. 23); Josh Dodd's "Motion to Dismiss" (ECF No. 25); a second "Motion to Dismiss" filed by the Charleston Main Street Defendants for insufficient service of process (ECF No. 31); the plaintiff's Motion for Summary Judgment (ECF No. 35); the plaintiff's "Motion to Request Plaintiff be Granted Relief Sought" (ECF No. 44); the plaintiff's Motion to "Amend & Affirm Plaintiff Motion for Summary Judgment" (ECF No. 46) (which appears to seek leave to file an Amended Memorandum in support of the plaintiff's Motion for Summary Judgment); and the plaintiff's "Motion for Temporary & Permanent Injunction & Impounding, Seizure & Related Damages, Statutory Damages, Costs and Attorney Fees for Infringement of Copyright" (ECF No. 57).

This matter is assigned to the Honorable John T. Copenhaver, Jr. and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings

and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1). Because the motions listed above are construed as being dispositive of the case, or otherwise seek relief that may only be resolved by the presiding District Judge, as addressed in 28 U.S.C. § 636(b)(1)(B), the undersigned hereby submits this Proposed Findings and Recommendation to the presiding District Judge concerning these motions.

## **RELEVANT PROCEDURAL HISTORY**

The plaintiff filed her initial Complaint on July 30, 2015 (ECF No. 1). Thereafter, the defendants filed the pending Motions to Dismiss (ECF Nos. 23, 25 and 31), asserting that the Complaint fails to state a claim upon which relief can be granted and further assert that service of process has not been properly perfected upon some of the defendants. The corporate defendants also filed Motions for More Definite Statement (ECF Nos. 27 and 29), which have been addressed in the accompanying Order. Subsequently, the plaintiff filed additional motions and briefs attempting to resolve the deficiencies addressed by the defendants in their motions. The plaintiff has also sought to join additional defendants.

On February 15, 2017, the court conducted a status conference in this matter. The *pro se* plaintiff and attorney David P. Cook, Jr., of the law firm of MacCorkle Lavender & Sweeney, who presently represents all of the defendants named in the initial Complaint, with the exception of Sarah Halstead, appeared in person. As addressed on the record during the status conference, and in writing in the accompanying Order, the plaintiff has been granted leave to file an Amended Complaint by **March 1, 2017** and this matter is essentially starting anew.

2

## **DISCUSSION**

In light of the anticipated filing of an Amended Complaint by the plaintiff, the motions listed above are either rendered moot or are premature. Specifically, the undersigned proposes that the presiding District Judge **FIND** that the defendants' "Motions to Dismiss" (ECF Nos. 23, 25 and 31) will be moot in light of the filing of the Amended Complaint and, thus, should be denied without prejudice. Following service of the Amended Complaint, if any defendants named therein believe there are grounds for dismissal of the Amended Complaint, they may file a new Motion to Dismiss.

Turning to the plaintiff's "Motion for Summary Judgment" (ECF No. 35), her "Motion to Amend and Affirm Motion for Summary Judgment" (ECF No. 46), and her motions seeking temporary and permanent injunctive relief (ECF Nos. 44 and 57), the undersigned proposes that the presiding District Judge **FIND** that these motions are premature. First, to the extent that the plaintiff is seeking a Temporary Restraining Order or Preliminary Injunction, as addressed in ECF No. 57, the undersigned proposes that the presiding District Judge **FIND** that she has not demonstrated a right to such relief.

Rule 65(b) of the Federal Rules of Civil Procedure permits the issuance of a Temporary Restraining Order, without notice to the adverse party, only if "specific facts in an affidavit or a verified complaint clearly show that the immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction. *Id.*

In *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[1], the United States Court of Appeals for the Fourth Circuit addressed the standard for granting a preliminary injunction established by the Supreme Court of the United States in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), stating:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997)(per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. And all four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347.

Although the defendants, once served with the Amended Complaint, will be required to respond to the allegations therein, presently, the plaintiff has not clearly shown that she is likely to succeed on the merits of her claim(s), or that she is likely to be

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

irreparably harmed without preliminary injunctive relief.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated the need for either a Temporary Restraining Order or a Preliminary Injunction under the circumstances.

Second, in light of the fact that the initial Complaint is flawed and plaintiff is expected to file an Amended Complaint, this matter is certainly not in a procedural posture in which the court could state as a matter of law that the plaintiff is entitled to judgment on her claims or any permanent injunctive relief.  There are outstanding questions concerning the proper parties in this matter and factual issues that may need further development in discovery.  There is presently no scheduling order in this matter and no such order will be entered until the Amended Complaint is filed and defendants are properly served therewith.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's motions seeking summary judgment and entitlement to either preliminary or permanent relief in her favor (ECF Nos. 35, 44, 46 and 57) are premature at this time.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the motions contained in ECF Nos. 23, 25, 31, 35, 44, 46 and 57.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

parties shall have fourteen days (filing of objections), and then three days (mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 15, 2017

Dwane L. Tinsley
United States Magistrate Judge