IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

SHERRY A. TULK,

      Plaintiff,

v.                            **Case No. 2:15-cv-11653**

RIC CAVENDER, CHARLESTON MAIN STREETS, INC.,
CHARLESTON MAIN STREET DEVELOPMENT CORPORATION,
AFFILIATES, AMY MCLAUGHLIN, MARY BETH HOOVER,
MARYANNE CRICKARD, ROB THOMAS, MIKE PUSHKIN,
MARY JEAN DAVIS, MARC WEINTRAUB, DICKINSON GOULD,
JIM EDWARDS, LORI BRANNON, SARAH HALSTEAD,
JOSH DODD, MESH DESIGN & DEVELOPMENT,
WEST VIRGINIA STATE UNIVERSITY, ANTHONY JENKINS,
WEST VIRGINIA STATE UNIVERSITY ECONOMIC RESOURCE
CENTER & COWORKING SPACE, AMI SMITH, ERIKA BAILEY,
SBDC (WEST VIRGINIA SMALL BUSINESS DEVELOPMENT CENTER),
MATTHEW BALLARD, CHARLESTON AREA ALLIANCE, and
MEGAN BULLOCK,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Motions to Dismiss filed by defendants Charleston Main Streets, Inc. and Charleston Main Street Development Corporation (collectively "the Main Street Defendants") (ECF No. 98), Mesh Design & Development (ECF No. 100), Jim Edwards (ECF Nos. 102 and 104), Marc Weintraub (ECF Nos. 106 and 108), Amy McLaughlin (ECF No. 113), Dickinson Gould (ECF No. 115), Sarah Halstead, Anthony Jenkins, Ami Smith, West Virginia State University ("WVSU"),

WVSU Economic Resource Center & Coworking Space (collectively "the WVSU Defendants") (ECF No. 123), Charleston Area Alliance (ECF No. 125), Matthew Ballard (ECF No. 127), Mike Pushkin (ECF No. 133), Rob Thomas (ECF No. 135), Erika Bailey (ECF No. 137), Ric Cavender (ECF No. 140), Mary Jean Davis (ECF No. 144), MaryAnne Crickard (ECF No. 146), Lori Brannon (ECF No. 148), Josh Dodd (ECF No. 150), and the West Virginia Small Business Development Center ("SBDC") (ECF No. 159).[1]

## I.  RELEVANT PROCEDURAL HISTORY

This civil action has a convoluted procedural history.  As presently relevant, the plaintiff, Sherry A. Tulk (hereinafter "Tulk"), filed her initial complaint on July 30, 2015. After being advised that the complaint was insufficiently pled, Tulk was subsequently permitted two opportunities to amend her complaint.  This matter is now proceeding on the Second Amended Complaint for Copyright Infringement & Unfair Competition (ECF No. 79) (hereinafter "Second Amended Complaint"), which raises a single count of copyright infringement against all of the defendants.

The Second Amended Complaint alleges that Tulk "is an Urban Planning and Economic Development professional" and that she "created a number of Comprehensive Planning, Community and Economic Development Strategies" which were the basis of several businesses she attempted to start in West Virginia in the Fall of 2014.  Tulk further alleges that "she registered her copyrighted work as an original work of authorship under Title 17, 407 – when she deposited her first summary copy of the work as required in the registration process, as already established per Certificate of Registration."  (ECF No. 79,

---

[1] Defendants Mary Beth Hoover and Megan Bullock were not successfully served with the Second Amended Complaint.  Nonetheless, for reasons explained *infra*, the Second Amended Complaint fails to state a plausible claim upon which relief can be granted against those defendants, and, thus, the claims against them should also be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

¶ 29).  She further alleges that the Registration Certificate was issued on November 14, 2014, and she claims that she "completed the requirement via the deposited copies, fee and application submittal" to "satisf[y] section 411 and 412 of Title 17, for infringement, and therefore established legal validity of this suit against defendants."  (*Id.*)

Despite an absence of specific factual allegations concerning infringing conduct by particular individual defendants, the general basis of Tulk's Second Amended Complaint is that, in the course of attempting to establish her businesses, she met with various representatives of the defendant entities concerning start-up assistance in the Fall of 2014, and she contends that the defendants collectively stole some of her business concepts and strategies and implemented them as their own.

Following service of the Second Amended Complaint, the various defendants filed the pending Motions to Dismiss.  On October 10, 2019, the undersigned entered an Order and Notice directing Tulk to file a consolidated response to the motions.  (ECF No. 153). The Order and Notice included a notice that the court may rely on Tulk's alleged copyrighted work, as submitted as an exhibit by the defendants, and that the motion could be treated as a motion for summary judgment.  Thus, pursuant to the Fourth Circuit's decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the undersigned advised Tulk of her obligation to respond to the motions and the materials that could be considered to oppose summary judgment.  (*Id.*) Tulk was also granted access to electronic filing.  (*Id.*)  After two extensions of the deadlines, Tulk electronically filed her Consolidated Response (ECF No. 163) on December 17, 2019.[2]  On December 23, 2019, the defendants filed reply briefs (ECF Nos. 165-167).  This matter is ripe for adjudication.

---

[2] The revised deadline for Tulk's response was December 16, 2019.  It appears that Tulk electronically filed the response at 12:40 a.m. on December 17, 2019.  Nonetheless, despite its untimeliness, the undersigned has considered the response.

## II.    LEGAL STANDARDS

### A.    Motions to Dismiss

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific

4

task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### B.    Motions for Summary Judgment

If a party's motion relies upon materials outside the four corners of the complaint to support its claim or defenses, the court may treat a motion to dismiss as one for summary judgment pursuant to Rule 56. *See Jeffers v. Wal-Mart Stores, Inc.*, 84 F. Supp.2d 775, 777 (S.D. W. Va. 2000). In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A court must not resolve disputed facts, weigh the evidence, or make credibility determinations. *See Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying

facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

### C.    Review of Complaint Pursuant to 28 U.S.C. § 1915(e)

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). The court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). That section also provides for dismissal where the complaint seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). The court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted).

III.    DISCUSSION

A.    **The Second Amended Complaint fails to state a plausible claim upon which relief can be granted against any of the defendants.**

To state a copyright infringement claim sufficient to comply with Rules 8(a)(2) and 12(b)(6), "a plaintiff must generally allege (1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright." *Miracorp, Inc. v. Big Rig Down, LLC*, No. 08-2673-KHV, 2009 WL 10688833, *2 (D. Kan. Oct. 15, 2009). To prove that a defendant copied a protected work, a plaintiff must demonstrate that "the alleged infringer had access to the plaintiff's copyrighted work" and "that the works are substantially similar in their protected elements." *See Teller v. Dogge*, 8 F. Supp.3d 1228, 1234 (D. Nev. 2014) (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)).

Section 102 of Title 17 of the United States Code provides:

(a)  Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.  Works of authorship include the following categories:

(1)  literary works;
(2)  musical works, including any accompanying words;
(3)  dramatic works, including any accompanying music;
(4)  pantomimes and choreographic works;
(5)  pictorial, graphic, and sculptural works;
(6)  motion pictures and other audiovisual works;
(7)  sound recordings; and
(8)  architectural works.

(b)  In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102 (emphasis added).  Thus, federal copyright protection extends only to those components of a work that are original to the author.  *See Apps v. Universal Music Group, Inc.*, 283 F. Supp.3d 946, 951 (D. Nev. 2017); *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (a plaintiff must demonstrate "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.").

Moreover, copyright protection is expressly prohibited for ideas, procedures, concepts, methods of operation, principles, and discoveries, notwithstanding their form. 17 U.S.C. § 102(b); *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 836 (10th Cir. 1993) ("One of the fundamental tenets of copyright law is that protection extends only to the author's original expression and not the ideas embodied in that expression."); *Jacobsen*, 287 F.3d at 942 (quoting *Harper & Row, Publishers, Inc. v. Nation Enters*, 471 U.S. 539, 547 (1985) ("It is well settled 'no author may copyright facts or ideas.'"). Accordingly, "[a] central tenet of copyright law is that only a copyright owner's particular expression of his or her idea is protected, not the idea itself." *Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp.2d 429, 440 (S.D.N.Y. 2011), *aff'd sub nom. Muller v. Anderson*, 501 F. App'x 81 (2d Cir. 2012) (citing 17 U.S.C. § 102(b)); *see also Rogers v. Koons*, 960 F.2d 301, 308 (2d Cir. 1992) ("What is protected is the original or unique way that an author expresses . . . ideas, concepts, principles, or processes.")  Thus, in examining the copyrighted and allegedly infringing works, a court must determine "'whether the similarities shared by the works are something more than mere generalized idea[s] or themes.'" *Muller*, 794 F. Supp.2d at 440 (other citations omitted).

Therefore, it is axiomatic that, in order to sufficiently allege and prove a claim of copyright infringement, it is necessary for the plaintiff to provide the purported copyrighted work and the work she contends has infringed upon it.  Here the defendants

have asserted that, similar to the previous versions of her complaints, the Second Amended Complaint is deficient because it does not allege any specific original work which was allegedly infringed or specific infringing acts by any particular defendants and, thus, the Second Amended Complaint does not satisfy the *Iqbal* plausibility standard.

Furthermore, despite referencing numerous appendices in her Second Amended Complaint, Tulk failed to attach such appendices and has refused to provide copies of the alleged works that are necessary to properly address her claims.  Nonetheless, the Main Street Defendants obtained a copy of the work submitted by Tulk to the Copyright Office, which has been filed in this action under seal (hereinafter "the work").  (ECF No. 156). The work is a summary explanation of Tulk's "business board," which appears to offer marketing and advertising services to create/expand an online presence for small businesses and to connect businesses with the community at large.

As noted by the defendants' motions, throughout the Second Amended Complaint, Tulk identifies her purported copyrighted work as a "strategy," "plan," "process," or "program."  The defendants' motions assert that a plain reading of Tulk's allegations that the defendants infringed upon her "strategy" "plan," and "program," and a review of the alleged work demonstrate that the work is not entitled to copyright protection because it "clearly represents an 'idea, procedure, process, system, method of operation, concept, principle, or discovery . . . ." (*See, e.g.,* ECF No. 99 at 7-8) (other citations omitted).[3]

The WVSU Defendants' memorandum of law contains a succinct explanation supporting the defendants' argument:

---

[3] The defendants' motions to dismiss make identical or substantially similar arguments.  Accordingly, the undersigned finds it unnecessary to cite to each individual motion.  Rather, where appropriate, the undersigned cites to one memorandum setting forth the relevant argument and omits citations to the other defendants' briefs making the same argument.

The Copyright Act makes clear that 'ideas' (as opposed to the expression of those ideas fixed in tangible media) are ineligible for copyright protection. Title 17 U.S.C.A. § 102(b) states that '[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.' Accordingly, the theft of another's ideas does not necessarily involve copyright infringement provided that the theft of the expression of those ideas is not implicated. A copyright infringement lawsuit arising from the submission of an unsolicited proposal for improving the marketing of the New Orleans Saints football team was dismissed based upon the absence from the complaint of allegations specifying protectable expression (as opposed to ideas) infringed by the defendants. The further removed the allegedly misappropriated elements are from their particular expression, the less likely a court is to find them eligible for protection by copyright. Accordingly, copyright protection was denied for data, information, and strategies contained in a marketing plan for a reality television series inasmuch as those elements were too remote from that plan's particular expression of them.

John Gladstone Mills, III, Robert Clare Highley, Donald Cress Reiley, III, and Peter D. Rosenberg, "What copyright does and does not protect," Patent Law Basics § 4:2 (citations omitted); *see also Smith v. Goodel*, No. 14-cv-1010, 2015 WL 500893 (E.D. La. Feb. 5, 2015) (unpublished). (*See, e.g.,* ECF No. 124 at 10-11) (other citations omitted).

The *Smith* Court noted that "'[t]he mere fact that [a plaintiff's works] are copyrighted does not mean that all aspects of those [works] are automatically protected. This is because copyright law does not protect ideas but rather protects the particular expression of ideas." 2015 WL 500893, at *5. The Court further found that "where all that has been copied is plaintiff's idea, there is no copyright infringement. Smith's copyright claim appears to be based entirely on Defendants' alleged use of the ideas and strategies contained in [Smith's work], which are not subject to copyright protection." *Id.; see also Attia v. Society of the New York Hosp.*, 201 F.3d 50, 55 (2d Cir. 1999) ("[A]n author who records an idea has no claim of copyright infringement against the taking of the idea. And if the idea is recorded at a very general level of abstraction, there may be

little or nothing in the original work that is protected against copying.")  Thus, the defendants assert that Tulk "contends (via conclusory allegations) that the named Defendants more or less stole her ideas," which are not protectable, and thus she "does not have standing to assert a copyright infringement claim under Title 17." (*See, e.g.,* ECF No. 99 at 8).

The defendants' various motions also note that Tulk is claiming infringement by the defendants for the use of simple words, phrases, or slogans (for example, "community involvement," "vision," "passion," "create"), which are not subject to copyright protection under the circumstances. *See, e.g. Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 544 (2d Cir. 1959) (citing 37 C.F.R. § 202.1(a)) (words and short phrases, such as names, titles, and slogans, are not copyrightable even where distinctively used); *see also Acuff-Rose Music, Inc. v. Jostens*, 155 F.3d 140, 144 (2d Cir. 1998) (phrases that "enjoy[] a robust existence in the public domain" are not protectable); *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection."); *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 710 (7th Cir. 1972) ("The plaintiff could not complain about the use of the same words, as these are purely textual . . . ."); *Peters v. West*, 776 F. Supp.2d 742, 749 (N.D. Ill. 2011) (well-known phrase does not satisfy originality standard and is not protectable); *Prunte v. Universal Music Group, Inc.*, 699 F. Supp.2d 15, 23 (D.D.C. 2010) ("Like *scenes a faire*, individual words and short phrases are generally not protected because they lack the requisite originality."); *Whitehead v. Paramount Pictures Corp.*, 53 F. Supp.2d 38, 47 n.5 (D.D.C. 1999) ("[T]he isolated use of a word or phrase such as 'kind of cute' is not copyrightable.");

Tulk attempts to overcome the defendants' arguments by asserting that her work is a "literary work" and a "derivative work" of pre-existing material (that she does not wish

to share publicly) and, thus, she claims that it qualifies for protection under 17 U.S.C. § 102(a)(1). (ECF No. 163 at 4). However, her assertion only solidifies the defendants' compelling argument that she is merely claiming infringement of ideas, concepts, or strategies that are generally discussed in the work submitted to the Copyright Office, and not any specific expression thereof.

The Consolidated Reply of the WVSU Defendants emphasizes that the Supreme Court has long held that "[t]he mere fact that a work is copyrighted does not mean that every element of the work may be protected." *Feist Publn's, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 348 (1991). Another judge of this United States District Court recently acknowledged the *Feist* holding in *CSS, Inc. v. Herrington*, 306 F. Supp.3d 857, 866-67 (S.D. W. Va. 2018) (Goodwin, J.) ("Originality is the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author."); *see also DuBay v. King*, 366 F. Supp.3d 1330, 1336 (M.D. Fla. 2019) (noting that "[j]ust because a work holds a copyright does not mean that the copyright protection extends to every element of that work" and "mere ideas, procedures, principles, and concepts are not protectible by copyright regardless of the manner or form in which such ideas, procedures, principles and concepts take"). (*See e.g.,* ECF No. 166 at 2) (other citations omitted).

The undersigned notes that the Second Amended Complaint does not allege that any of the defendants had actual access to Tulk's specific written work. In fact, in another of Tulk's filings in this matter, she acknowledged that she presented only verbal summaries of her business concepts and that "[t]he verbal summary was a concise, minimal presentation to provide just enough information for understanding the overall business service **concept** without giving away too much . . . ." (ECF No. 42 at 2)

(emphasis added).  Thus, even if Tulk can establish that she is the owner of a valid copyright that was properly registered, it does not appear that she has sufficiently alleged that the defendants had access to her actual work containing her original expressions. Moreover, Tulk has failed (and actually refused) to provide the court with any explanation of the specific original components of her work that she claims have been copied by the defendants and the constituent elements of the defendants' work demonstrating such infringement.

Even taking Tulk's allegations as true, as the court must at this stage of the proceedings, as a matter of law, the Second Amended Complaint fails to state a plausible claim of copyright infringement against any of the defendants.  At best, the Second Amended Complaint merely contends, in a fairly conclusory manner, that the defendants, collectively, stole her community planning and business marketing ideas, concepts, strategies, and processes, and created a substantially similar marketing program within a comparable time frame.  As made clear by the authority discussed herein, such ideas, concepts, strategies, and processes, without demonstration of the copying of any specific expression thereof, are not protectable under Title 17 of the United States Code.  Thus, absent allegations of a specific duplication or infringement of her original expressions of such ideas or concepts, Tulk has no basis to assert copyright protection of her marketing ideas, strategies, concepts, processes, or programs, or actionable infringement thereof, in this federal court.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Tulk has not demonstrated that her work is eligible for protection from infringement under 17 U.S.C. § 102 and, thus, the Second Amended Complaint fails to state a plausible claim of copyright infringement against any of the defendants named therein.

Moreover, even if Tulk could establish a protectable interest in her work, she has not sufficiently alleged conduct by any of the defendants that would permit liability against them.  The Second Amended Complaint is completely devoid of any factual allegations that any of the individual defendants had access to her original expressions or engaged in any infringing conduct.  In fact, as noted in the WVSU Defendants' brief, "the factual allegations indicate that no presentation was ever made that would allow anything protected to be copied and, indeed, Plaintiff admits her 'strategies' have not been shared with anyone in West Virginia."  (ECF No. 124 at 6).

Additionally, to the extent that the Second Amended Complaint names various current and former members of the Charleston Main Street entities' board of directors, she has failed to allege that any of the individual board members actually engaged in infringing conduct.  Thus, it appears that Tulk is simply attempting to hold the board members vicariously liable for the conduct of the Main Street entities.  To do so, Tulk must allege facts and introduce evidence beyond a defendant's membership on a board of directors.  *See, e.g., Burdick v. Koerner*, 988 F. Supp. 1206, 1210 (E.D. Wisc. 1998).  She "must offer proof that an individual board member was sufficiently involved in the day-to-day operation of the company in order to establish that he or she had the right and ability to control the actions of the corporation."  *Id.*  Tulk's Second Amended Complaint insufficiently pleads such matters.

In fact, the reply filed by all of the Main Street Defendants, Mesh Design & Development, and Josh Dodd contends that "[w]hat is missing from the Second Amended Complaint are factual allegations that [the individual Defendants] actually infringed upon the 'work' that was registered with the Copyright Office . . . .  There is no pled direct fact against the individual Defendants that they violated an exclusive right under the

14

copyrighted 'work.'" (ECF No. 167 at 6). The other defendants' briefs make similar assertions. (*See, e.g.,* ECF No. 124 at 6-7; ECF No. 126 at 8; ECF No. 128 at 8; ECF No. 138 at 6).

For all of these reasons, the undersigned proposes that the presiding District Judge **FIND** that the Second Amended Complaint fails as a matter of law to establish an actionable claim of copyright infringement and, thus, all of the defendants are entitled to judgment in their favor on Tulk's claims of copyright infringement.[4]

### B. The motions to dismiss for improper service of process should be denied as moot.

Defendants Jim Edwards and Marc Weintraub filed separate motions to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure, asserting that they were not properly served with process. (ECF Nos. 102 and 106). Additionally, Josh Dodd's motion to dismiss asserts that he was not served with process during the 90-day[5] period provided for in Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 150).[6] However, because Tulk is proceeding *in forma pauperis*, officers of the court were responsible for performing service of process on her behalf. *See* 28 U.S.C. § 1915(d). Consequently, Tulk should not be held responsible for the deficiencies in service. Nonetheless, in light of the undersigned's proposed finding that the Second Amended Complaint fails to state a claim upon which relief can be granted, as discussed above, dismissal of the claims against these defendants is otherwise appropriate.

---

[4] In light of the finding that Tulk's claims of copyright infringement fail as a matter of law, the undersigned finds it unnecessary to address the various immunity arguments made by the defendants.
[5] Defendant Dodd's motion documents mistakenly refer to the 120-day time period provided for in an older version of Rule 4(m).
[6] The briefs filed by the WVSU Defendants and the SBDC Defendants also suggest that those defendants were not served with the Second Amended Complaint within the Rule 4(m) time period. (ECF No. 124 at 3; ECF No. 138 at 3; ECF No. 160 at 3).

## IV.    RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motions to Dismiss contained in ECF Nos. 98, 100, 104, 108, 113, 115, 123, 125, 127, 133, 135, 137, 140, 144, 146, 148, 150, and 159 and **DENY AS MOOT** the Motions to Dismiss contained in ECF Nos. 102 and 106.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have **fourteen (14) days** from the date of filing of this Proposed Findings and Recommendation within which to **electronically file** with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

January 10, 2020

Dwane L. Tinsley
United States Magistrate Judge

16