```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

SHERRY A. TULK,

      Plaintiff,

v.                               Civil Action No. 2:15-cv-11653

RIC CAVENDER, CHARLESTON MAIN STREETS,
INC., CHARLESTON MAIN STREET DEVELOPMENT
CORPORATION, AFFILIATE ORGANIZATIONS,
AMY MCLAUGHLIN, MARY BETH HOOVER, MARYANNE
CRICKARD, ROB THOMAS, MIKE PUSHKIN, MARY
JEAN DAVIS, MARC WEINTRAUB, DICKINSON GOULD,
JIM EDWARDS, LORI BRANNON, SARAH HALSTEAD,
JOSH DODD, MESH DESIGN AND DEVELOPMENT,
WEST VIRGINIA STATE UNIVERSITY, ANTHONY
JENKINS, AMI SMITH, WEST VIRGINIA STATE
UNIVERSITY ECONOMIC RESOURCE CENTER &
COWORKING SPACE, ERIKA BAILEY, WEST VIRGINIA
SMALL BUSINESS DEVELOPMENT CENTER, MATTHEW
BALLARD, CHARLESTON AREA ALLIANCE, AND
MEGAN BULLOCK,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are motions to dismiss filed by defendants: (1) Charleston Main Street Development Corporation and Charleston Main Streets, Inc. (ECF No. 98); (2) Mesh Design & Development (ECF No. 100); (3) Jim Edwards (ECF Nos. 102, 104); (4) Marc Weintraub (ECF Nos. 106, 108); (5) Amy McLaughlin (ECF No. 113); (6) Dickinson Gould (ECF No. 115);

(7) Sarah Halstead, Anthony Jenkins, Ami Smith, West Virginia State University, and West Virginia State University Economic Resource Center & Coworking Space (ECF No. 123); (8) Charleston Area Alliance (ECF No. 125); (9) Matthew Ballard (ECF No. 127); (10) Mike Pushkin (ECF No. 133); (11) Rob Thomas (ECF No. 135); (12) Erika Bailey (ECF No. 137); (13) Ric Cavender (ECF No. 140); (14) Mary Jean Davis (ECF No. 144); (15) MaryAnne Crickard (ECF No. 146); (16) Lori Brannon (ECF No. 148); (17) Josh Dodd (ECF No. 150); and (18) the West Virginia Small Business Development Center (ECF No. 159).

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On January 10, 2020, the magistrate judge entered the PF&R recommending that the court grant defendants' motions to dismiss contained in ECF Nos. 98, 100, 104, 108, 113, 115, 123, 125, 127, 133, 135, 137, 140, 144, 146, 148, 150, and 159; deny as moot the motions to dismiss contained in ECF Nos. 102 and 106; and dismiss the plaintiff's claims against Mary Beth Hoover, Megan Bullock, and Affiliate Organizations for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  Objections to the PF&R were due by January 24, 2020.  Despite the untimeliness of the pro se plaintiff's objections filed on January 27, 2020, the undersigned will consider the objections.

Upon an objection, the court reviews a PF&R de novo.  Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. § 636(b)(1)).

The plaintiff raises four objections to the PF&R.  First, the plaintiff objects to the magistrate judge's finding that the plaintiff's work alleged to be copied by the defendants is an idea, concept, strategy, or process, which without demonstration of the copying of any specific original expression thereof, is not eligible for protection from infringement under 17 U.S.C. § 102.  The plaintiff argues that her work is a "literary work" with a registered copyright, so it is protected under 17 U.S.C. § 102(a)(1).

"The mere fact that a work is copyrighted does not mean that every element of the work may be protected." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348 (1991). "The copyright is limited to those aspects of the work -- termed 'expression' -- that display the stamp of the author's originality." Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 547 (1985). Ideas cannot be copyrighted. Id. In a copyright infringement case, the court must determine whether the similarities between the copyrighted work and the allegedly infringing works "are something more than mere generalized ideas or themes." Warner Bros. Inc. v. Am. Broad. Cos., 654 F.2d 204, 208 (2d Cir. 1981).

As the magistrate judge found, the Second Amended Complaint does not allege any specific original work by the plaintiff that was allegedly infringed. Indeed, the plaintiff did not submit to the court copies of the works that are necessary to properly address her claims, including the plaintiff's original work. Since the plaintiff did not show that the similarities between the original work and the allegedly infringing works are more than generalized ideas, the first objection is overruled.

Second, the plaintiff objects to the magistrate judge's finding that the plaintiff has not sufficiently alleged conduct by any of the defendants that would permit liability against them. The plaintiff argues that defendants' expressions are substantially similar to her original work, constituting intentional acts of copyright infringement. The magistrate judge correctly concluded that the Second Amended Complaint does not allege any specific infringing acts by any particular defendant, and the plaintiff has failed to produce the works that are necessary to show a substantial similarity that amounts to a copyright violation. For these reasons, the second objection is overruled.

Third, the plaintiff objects to the magistrate judge's finding that the plaintiff has not sufficiently alleged that the defendants had access to her actual work containing her original expressions. The plaintiff contends that defendants had access to her work through her visits to defendants' offices to discuss her work and through a computer at the West Virginia State University Business Resource Center that the plaintiff used to complete her work. The magistrate judge thoroughly discussed the issue and correctly found that the plaintiff presented only

a verbal summary of her business concepts to the defendants, which was "a concise, minimal presentation to provide just enough information for understanding the overall business service concept without giving away too much."  PF&R 12 (quoting Pl.'s Brief 2, ECF No. 42).  There is no other evidence in the record showing that the defendants had access to the plaintiff's work.  Since the court agrees that the defendants did not have access to the plaintiff's actual work containing her original expressions, the third objection is overruled.

Fourth, the plaintiff argues that by copying the words, phrases, and slogans found in plaintiff's work, the defendants committed a copyright violation.  The plaintiff claims that the copying of an individual's writing style and commonly used words "are intentional and fraudulent forms or takings, and thus goes to identity/identity theft, [p]articularly for one working on and having started a marketing business -- a business, which in part is based on slogans, phrases, and keywords."  Pl.'s Objs. 5, ECF No. 172.

The objection is without merit.  The magistrate judge correctly found that the words and short phrases used by the plaintiff, such as "community involvement," "vision," "passion,"

and "create," do not exhibit the minimal level of creativity necessary for copyright protection.  See, e.g., Southco, Inc. v. Kanebridge Corp., 390 F.3d 276, 285 (3d Cir. 2004) (noting that short phrases and titles of works are not entitled to copyright protection because "[s]ince at least 1899, it has been the practice of the Copyright Office to deny registration to words and phrases" (internal quotations omitted)); Acuff-Rose Music, Inc. v. Jostens, Inc., 155 F.3d 140, 144 (2d Cir. 1998) (affirming the holding that a phrase that "enjoyed a robust existence in the public domain . . . lacked the requisite originality to warrant protection" (internal quotations omitted)); CMM Cable Rep, Inc. v. Ocean Coast Props., Inc., 97 F.3d 1504, 1519 (1st Cir. 1996) ("[F]ragmentary words and phrases . . . do not exhibit the minimal level of creativity necessary to warrant copyright protection." (internal quotations omitted)).  The fourth objection is overruled.

The court, accordingly, ORDERS as follows:

1. That the plaintiff's objections to the PF&R be, and they hereby are, overruled;

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full;

3. That defendants' motions to dismiss contained in ECF Nos. 98, 100, 104, 108, 113, 115, 123, 125, 127, 133, 135, 137, 140, 144, 146, 148, 150, and 159 be, and they hereby are, granted;

4. That defendants' motions to dismiss contained in ECF Nos. 102 and 106 be, and they hereby are, denied as moot;

5. That the plaintiff's claims against Mary Beth Hoover, Megan Bullock, and Affiliate Organizations are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

6. That this case be, and hereby is, dismissed with prejudice and stricken from the court's docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and the plaintiff.

ENTER: March 3, 2020

John T. Copenhaver, Jr.
Senior United States District Judge